EUGENE A. WALSH et al., as Executors of NICHOLAS F. WALSH, Deceased, et al., Appellants, v. SAM ARRIGALLI et al., Respondents.

*Per Curiam.* Plaintiffs executors bring this action to recover possession of certain premises purchased by their decedent in 1949. On July 30, 1948, the New York City treasurer was appointed receiver under section 94 of the Tax Law. The order appointing the receiver authorized him to make leases for periods not exceeding one year. Shortly thereafter, defendants entered into possession of the premises. On July 12, 1949, the defendants signed a lease with the receiver, covering the period from August 16, 1949, to August 15, 1950. That lease provided:

"10. It is understood and agreed that the landlord is in possession of the premises as Receiver, duly appointed by order of the Court as heretofore mentioned, and that in the event that the said landlord's authority under said order is vacated, or that he is duly discharged as such Receiver by the Court, then and in that event the term of this lease is limited to such time as the said landlord is deprived of his authority as Receiver * * *.

"11. The tenant at the termination of the term hereby granted, either by lapse of time, forfeiture, or as herein provided or otherwise, will quit and surrender the said premises to the landlord".

On June 9, 1950, an order was duly entered which terminated the receivership; defendants nevertheless have remained in possession.

The situation here is somewhat analogous to that covered by subdivisions (g) of sections 8 of the emergency rent laws. (L. 1945, chs. 3, 314, as amd.) Those sections (although concededly not here applicable) provide that a tenant may be removed from possession if, while in possession, he agrees in writing to terminate his occupancy at a certain future date.

Here, the tenants had full knowledge of the receiver's limited authority to lease the premises and had agreed to quit the premises when that authority terminated. They may not now invoke the emergency rent laws to convert their strictly limited interim tenancy into one entitled to the full protection of the emergency statute.

The orders and the judgment should be reversed, with costs and disbursements to appellants, and plaintiffs' motion for judgment on the pleadings granted. Settle order.

Peck, P. J., Cohn, Van Voorhis and Shientag, JJ., concur; Callahan, J., dissents and votes to affirm.

Orders and judgment reversed, with costs and disbursements to the appellants, and plaintiffs' motion for judgment on the pleadings granted. Settle order on notice.